ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 0 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE GRAY, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2295-P |
| | § | |
| DOUGLAS DRETKE, Director | § | (Consolidated With: |
| Texas Department of Criminal Justice, | § | No. 3-04-CV-2303-P) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Wayne Gray, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of burglary of a habitation with intent to commit sexual assault. Punishment was assessed at life imprisonment and a $10,000 fine. His conviction and sentence were affirmed on direct appeal. *Gray v. State*, 2001 WL 432585 (Tex. App.--Dallas, Apr. 30, 2001, pet. ref'd). An application for state post-conviction relief was denied without written order. *Ex parte Gray*, No. 50,187-04 (Tex. Crim. App. Sept. 22, 2004). Petitioner then filed this action in federal court.

II.

Petitioner raises five broad issues in multiple grounds for relief. Succinctly stated, petitioner contends that: (1) he received ineffective assistance of counsel; (2) his conviction was obtained by

the use of perjured testimony; (3) the prosecutor failed to disclose evidence favorable to the defense; (4) he did not receive a fair trial; and (5) he is actually innocent.

In a preliminary answer, respondent argues that this case is barred by the one-year statute of limitations governing federal habeas proceedings. Petitioner addressed the limitations issue in a written reply filed on March 1, 2005. The court also held an evidentiary hearing on April 28, 2005 to explore respondent's limitations defense in more detail.[1] After considering the evidence and the post-hearing briefs submitted by the parties, the court determines that this case should be dismissed on limitations grounds.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The court appointed Assistant Federal Public Defender Jason D. Hawkins to represent petitioner at this evidentiary hearing. *See* RULES GOVERNING SECTION 2254 CASES, Rule 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006(A).)"

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the AEDPA statute of limitations is subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

A.

Petitioner was sentenced to life imprisonment for burglary of a habitation with intent to commit sexual assault. The court of appeals affirmed his conviction on April 30, 2001. The Texas Court of Criminal Appeals refused a petition for discretionary review on November 21, 2001 and denied rehearing on December 27, 2001. Although petitioner attempted to file a writ of certiorari in the United States Supreme Court, his writ was returned as untimely.[2] Therefore, petitioner's conviction became final on March 27, 2002--90 days after the Texas Court of Criminal Appeals denied rehearing. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). On March 12, 2003, with only 15 days remaining before the AEDPA statute of limitations expired, petitioner filed an application for state post-conviction relief pursuant to Tex. Code Crim. Proc. art. 11.07. The application was denied on September 22, 2004. Petitioner then filed two writs of habeas corpus in federal court. The first writ is dated October 1, 2004, but was not received by the district

---

[2] On March 28, 2002, one day after the deadline for filing a writ of certiorari expired, petitioner submitted a motion for extension of time to the United States Supreme Court. (Pet. Reply, Exh. 2). Without receiving a ruling on his motion, petitioner filed a *pro se* writ of certiorari on May 28, 2002. (*Id.*, Exh. 3). The Supreme Court returned the writ to petitioner as "untimely" by letter dated August 15, 2002. (*Id.*, Exh. 6). Four days later, the Court rejected petitioner's motion for extension of time due to procedural defects. (*Id.*, Exh. 7).

clerk until October 25, 2005. The second writ is dated October 22, 2004, and was received by the district clerk on October 26, 2005.[3]

Both sides agree that the one-year statute of limitations started to run on March 27, 2002. (*See* Pet. Post-Hrg. Br. at 1; Resp. Ans. at 5). This period was tolled from March 12, 2003 until September 22, 2004, a total of 560 days, while a properly filed application for state post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2).[4] Therefore, absent some basis for equitable tolling, petitioner must have delivered his federal writ to prison officials on or before October 7, 2004 for this action to be timely.

B.

Petitioner claims that he deposited his federal writ in the prison mail system on October 1, 2004. Alternatively, petitioner contends that the AEDPA statute of limitations should be equitably tolled from September 22, 2004, the date his state writ was denied, until November 22, 2004, the date the Texas Court of Criminal Appeals notified him of that decision, or from September 22, 2004 until November 3, 2004, the date he was told that no motions for reconsideration or rehearing would be entertained. The court will address these arguments in turn.

1.

The Fifth Circuit has established a bright-line "mailbox rule" for determining when a *pro se* habeas petition is deemed filed. In *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), the court held that an application for writ of habeas corpus is deemed filed when the prisoner delivers it to

---

[3] The first writ was docketed as Case No. 3-04-CV-2295-P. The second writ was docketed as Case No. 3-04-CV-2303-N. By order dated November 5, 2004, the two actions were consolidated under the first-filed case number.

[4] Respondent maintains that petitioner filed his state writ on March 19, 2003. (Resp. Ans. at 2). Although the writ was file-stamped on that date, petitioner has produced a certified mail return receipt card indicating that Claire Black, Coordinator of the 283rd District Court, received some papers from him on March 12, 2003. (*See* Pet. Post-Hrg. Br., Exh. A). Because the court determines that petitioner's federal writ is untimely in any event, this seven-day discrepancy is irrelevant for limitations purposes.

prison officials for mailing to the federal district clerk. Such a rule is consistent with the traditional disposition of leniency toward *pro se* litigants. *Id.* It also avoids time-consuming examinations of the circumstances behind any delay in the delivery of prisoner mail and ensures that prisoners will not be unduly prejudiced in their attempts to exercise their rights under the law. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), *citing Houston v. Lack*, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2384-85, 101 L.Ed.2d 245 (1988).

Although petitioner's federal writ is dated October 1, 2004, it was not received by the United States district clerk until October 25, 2004. This three-week delay strongly suggests that petitioner did not deliver his writ to prison officials until sometime after the October 7, 2004 deadline. The best evidence of when petitioner deposited his writ in the prison mail system are the prison mail logs. These records show that petitioner sent two pieces of mail to the United States District Court for the Northern District of Texas on October 22, 2004. (Resp. Adv., Att. 1 at 004). Another mailing was sent to the court on October 25, 2004. (*Id.*, Att. 1 at 005). There is no record of any outgoing legal or special mail from petitioner to the federal district court from September 29, 2004 to October 22, 2004. (*Id.*, Att. 1 at 001-15).

In an attempt to contradict the prison mail logs, petitioner testified that he hurrily drafted a "skeletal" writ on or about September 30, 2004 when told by another inmate that the Texas Court of Criminal Appeals had denied habeas relief to someone named "Gray." According to petitioner, he placed his writ in a properly addressed, stamped envelope and laid the package on top of a prison mail box on October 1, 2004. Petitioner maintains he could not insert the envelope into the mail box because it was full. Although he now speculates that the envelope may have been stolen, petitioner offers no evidence to support his suspicion. Nor does any other witness corroborate petitioner's self-serving testimony that he placed the envelope on top of a prison mailbox on October 1, 2004.

Absent such corroboration, the court rejects petitioner's testimony and relies on the prison mail logs. The entry showing that petitioner mailed two items to the United States district clerk on October 22, 2004 is consistent with the October 25, 2004 file-stamp appearing on the writ. Accordingly, the court finds that petitioner did not mail his federal writ until October 22, 2004.

This finding also is supported by other evidence of record. At the hearing, petitioner admitted that he mailed a "backdated" copy of his writ to the federal district clerk on or about October 22, 2004. That explains why the writ filed on October 25, 2004 bears an execution date of October 1, 2004. And while petitioner insists that he mailed a "skeletal" writ to the court on October 1, 2004, he does not mention that fact in a letter to his parents dated October 19, 2004. Instead, petitioner appears to seek their help in filing an initial writ of habeas corpus:

> Please put together as quickly as possible, what you can of the §2254, and mail certified, one original, and one copy, to [the United States District Court] . . . Please do not delay in any respect, as it stands, despite numerous notices by me to the CCA, they did not send you or me any notice of their decision to <u>DENY</u> my <u>State Writ, § 11.07</u>, on <u>9/22/04</u>.
>
> * * *
>
> Despite my efforts, the State of Texas still managed to not notify me (or you) of when they made their ruling, causing me to miss my federal filing deadline (potentially). However, I must file the §2254 immediately because I may have been conservative in my estimations for timeliness-- I may still get a just review by the federal courts, so please mail this at least by MONDAY, October 25, 2004. THANK YOU!

(Pet. Exh. 5) (emphasis in original). It is clear from this letter that petitioner had not filed a federal writ before October 19, 2004. He asked his parents to assemble the necessary documents and mail them to the United States district clerk as soon as possible in order to comply with the AEDPA

statute of limitations. This explains the second writ and four volumes of supporting materials filed on October 26, 2004.[5]

Because petitioner did not deposit his federal writ in the prison mail system until October 22, 2004, this action is barred by limitations absent some basis for equitable tolling.

2.

Petitioner asserts that the Texas Court of Criminal Appeals did not notify him of the denial of his state writ until November 22, 2004. This notice was sent two months after the writ was denied on September 22, 2004. As a result of that delay, petitioner maintains that the AEDPA statute of limitations should be equitably tolled for 61 days.

Equitable tolling is warranted "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The Fifth Circuit has held a substantial delay of several months in receiving notice of the denial of a state appeal could qualify for equitable tolling if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted on other grounds*, 223 F.3d 797 (5th Cir. 2000). In this case, petitioner waited 350 days after his conviction became final to file a state writ. This unexcused delay suggests that petitioner did not diligently pursue his state post-conviction remedies and justifies rejecting his equitable tolling argument outright. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert.*

---

[5] The writ filed on October 26, 2004 in Case No. 3-04-CV-2303-N indicates that it was executed on October 22, 2004, but was placed in the prison mailing system on September 22, 2004. (Hab. Pet. at 6). However, petitioner fails to explain how the writ could be mailed before it was signed. In addition, the court observes that the execution date and mailing date are written in original blue ink, while the signature of "Richard Wayne Gray, Jr." appears to be a photocopy. (*Id.*). This suggests that petitioner sent several copies of a signed habeas petition to his parents who, in turn, filled in the date and mailed copies of the writ together with four volumes of supporting materials to the federal district clerk. These discrepancies further impugn petitioner's credibility regarding the date he delivered his writ to prison officials for mailing.

*denied*, 120 S.Ct. 1834 (2000) (petitioner who waited almost one year to file state writ not entitled to equitable tolling); *Selvage v. Johnson*, 2001 WL 194748 at *3 & n.5 (N.D. Tex. Feb. 23, 2001) (same).[6]

The court also notes that petitioner was at least partly responsible for any delay in receiving timely notice of the denial of his state writ. At the evidentiary hearing, petitioner testified that he instructed the Texas Court of Criminal Appeals to send all notices and other communications to his father, Richard Wayne Gray, Sr., in McKinney, Texas. The appeals court clerk has confirmed that, in accordance with its usual practice, an official postcard notice was mailed to the address designated by petitioner on September 22, 2004. (Resp. Exh. 2). Nothing in the record indicates that the appeals court deviated from its usual practice in this case. (*Id.*). The court therefore finds that, as per petitioner's instructions, the Texas Court of Criminal Appeals timely notified Richard Wayne Gray, Sr. of the denial of petitioner's state writ. Although Gray, Sr. denies ever receiving such notice, his testimony is tainted by an obvious desire to help his son obtain federal habeas review of his state conviction.

Moreover, petitioner himself acknowledges that he was told by another inmate on September 30, 2004 that the Texas Court of Criminal Appeals had denied habeas relief to someone named "Gray." When petitioner checked the advance sheets in the prison law library on October 19, 2004, he confirmed that his state writ had been denied on September 22, 2004. Petitioner then wrote the Texas Court of Criminal Appeals requesting formal notification of its ruling. In response to that request, the appeals court mailed a duplicate postcard notice to petitioner on November 22, 2004.

---

[6] To the extent petitioner seeks equitable tolling of the AEDPA statute of limitations for the six-month period that his motion for extension of time to file a petition for writ of certiorari was pending before the United States Supreme Court, such a claim is without merit. Supreme Court rules require a motion for extension of time to be filed at least 10 days before the deadline for filing a writ of certiorari, "except in the most extraordinary circumstances." *See* SUP. CT. R. 30.2. At the evidentiary hearing, petitioner testified that he needed more time to research and prepare a petition for writ of certiorari. However, no explanation was offered for missing the deadline to file a motion for extension of time.

The court finds that the Texas Court of Criminal Appeals notified petitioner, through his father, of the denial of his state writ on or about September 22, 2004. In addition, petitioner had reason to suspect as early as September 30, 2004 that his state writ had been denied. Although petitioner may have diligently pursued federal habeas relief after receiving actual notice of the denial of his state writ, he did not pursue the state post-conviction process "with diligence and alacrity." Petitioner was required to file a federal writ within 15 days after the Texas Court of Criminal Appeals denied state post-conviction relief. That short deadline was entirely of petitioner's own making. Had he not waited nearly a year to file a state writ after his conviction became final, petitioner would have had ample time to seek federal habeas relief. Under these circumstances, there is no basis for equitable tolling. *Ott*, 192 F.3d at 513; *Selvage*, 2001 WL 194748 at *3 & n.5; *see also Coleman*, 184 F.3d at 404 (equitable tolling requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001) ("[E]quity is not intended for those who sleep on their rights.").

3.

Alternatively, petitioner argues that the AEDPA limitations period should be tolled from September 22, 2004 until November 3, 2004, the date the Texas Court of Criminal Appeals notified him that "no motions for reconsideration or rehearing will be entertained." (Pet. Post-Hrg. Br., Exh. C). Despite a clear prohibition against motions for reconsideration or rehearing in state habeas cases, *see* TEX. R. APP. P. 79.2(d),[7] the Fifth Circuit has held that "[the] AEDPA's one year statue of

---

[7] Rule 79.2(d) provides:

> A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court may on its own initiative reconsider the case.

TEX. R. APP. P. 79.2(d).

limitations is tolled during the period in which a Texas habeas petitioner *has filed* such a motion." *Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001) (emphasis in original); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 878 (2003). However, tolling lasts "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." *Emerson*, 243 F.3d at 934-35.

Here, petitioner did not mail his motion for rehearing until October 25, 2005--nearly three weeks after the AEDPA statute of limitations expired. (*See* Pet. Post-Hrg. Br. at 2). Moreover, the motion was never accepted for filing by the Texas Court of Criminal Appeals. Thus, there is no basis for statutory tolling under *Emerson* and *Lookingbill*. See *Stuart v. Dretke*, 2004 WL 2348223 at *3 (N.D. Tex. Oct. 18, 2004), *rec. adopted*, 2004 WL 2546221 (N.D. Tex. Nov. 9, 2004); *Braxton v. Dretke*, 2004 WL 719000 at *3 & n.3 (N.D. Tex. Mar. 23, 2004), *rec. adopted*, 2004 WL 790275 (N.D. Tex. Apr. 12, 2004).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

DATED: May 10, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE