

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE GRAY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:04-CV-2295-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is an application for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254. The magistrate judge filed his Findings and Recommendation on May 10, 2005. Petitioner filed objections to the magistrate judge's report on June 24, 2005. After holding an evidentiary hearing regarding the timeliness of petitioner's application, the magistrate judge concluded that petitioner did not deliver his writ to prison officials on October 1, 2004 as claimed by petitioner and that no basis existed for equitable tolling of the statute of limitations. The magistrate judge further concluded that the period of limitations should not be tolled from September 22, 2004 until November 3, 2004, the date the Texas Court of Criminal Appeals notified petitioner that "no motions for reconsideration or rehearing will be entertained." The magistrate judge recommended dismissal of petitioner's application as time barred. Petitioner objects to both the findings and the recommendation of the magistrate judge.

The parties apparently agree that petitioner needed to file his writ with this court no later than October 7, 2004 or risk being untimely. Petitioner's writ was not received by this court until

Order - Page 1

October 25, 2004. At the evidentiary hearing, prison mail log records showed that petitioner mailed two pieces of mail to this court on October 22, 2004. The prison records indicated no mailing by petitioner to this court from September 29, 2004 to October 22, 2004. Petitioner testified that he delivered a "skeletal" writ to prison officials on October 1, 2004 by laying a package with his application on top of a prison mail box. The magistrate judge did not credit petitioner's testimony on the basis of the prison mail log records, petitioner's admission that the writ he mailed to the district clerk on October 22, 2004 was backdated to show a date of October 1, 2004, and correspondence from petitioner to his parents. Petitioner's letter to his parents dated October 19, 2004 suggests that petitioner was requesting help from his parents in filing his initial writ. Petitioner's letter also describes petitioner's concern with the timeliness of his writ and makes no mention that he had mailed a writ to this court on October 1, 2004.

Petitioner asserts that independent corroboration exists of his attempted mailing on October 1, 2004 and that the magistrate judge erred in relying "solely on the prison mail logs as the best evidence." (Pet. Obj. at 2). Petitioner further asserts that simply because the October 19, 2004 letter to his parents does not mention the October 1 filing "does not give rise to the conclusion that it did not happen." (Pet. Obj. at 7). Arguably, this might be true if the October 19 letter was the only evidence in the case. However, in light of the other evidence, the magistrate judge did not err in concluding that petitioner did not deliver his writ to prison officials until October 22, 2004. The magistrate judge relied on the prison mail records, petitioner's letter to his parents, and petitioner's testimony at the hearing in making his findings. Ultimately, the only evidence that petitioner delivered his application to prison officials on October 1 is petitioner's own testimony. The magistrate judge did not credit petitioner's

testimony on this point. Petitioner maintains that failing to mention his October 1 filing in the letter to his parents is of no consequence. In fact, the omission is some evidence that petitioner did not deliver his writ to prison officials on October 1. Coupled with the other evidence in the case, including the prison mail records and petitioner's statements in the letter to his parents, the magistrate judge was correct to not credit petitioner's testimony that he delivered his application to prison officials on October 1. Upon review of all the evidence, the court agrees with the magistrate judge's finding that petitioner did not deliver his application to prison officials until October 22, 2004. Thus, as noted by the magistrate judge, absent some basis for equitable tolling, petitioner's application is untimely.

Petitioner's state writ was denied by the Texas Court of Criminal Appeals on September 22, 2004. However, petitioner states he was not notified of this action until November 22, 2004. Hence, Petitioner maintains that the AEDPA limitations should be tolled from September 22, 2004 until November 22, 2004. The Fifth Circuit has held that a substantial delay of several months in receiving notice of the denial of a state appeal could qualify for equitable tolling if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted on other grounds*, 223 F.3d 797 (5th Cir. 2000). The magistrate judge found that petitioner did not pursue his state application with diligence because he waited 350 days after his conviction became final to file his state writ. Petitioner objects to this finding arguing that he diligently pursued discovery and rulings on motions from the state district court prior to filing his state application. However, filing motions for discovery and requests for production is not diligence in filing the state application. Petitioner was aware of the one year statute of limitations. Petitioner could have filed his state application and sought discovery after

Order - Page 3

his filing. Instead, petitioner took almost the entire year filing untimely motions with the U.S. Supreme Court and seeking discovery in state court. The court agrees with the magistrate judge that petitioner has not shown diligence in pursuing his state application

Petitioner's father testified at the evidentiary hearing that he never received notice from the Texas Court of Criminal Appeals following denial of petitioner's state writ on September 22, 2004. However, Texas Court of Criminal Appeals records indicated no deviation from the court's policy of mailing notice of the denial to the address provided by petitioner. On the evidence before him, the magistrate judge was correct in refusing to credit petitioner's father statement that he never received notice of the denial of this state writ from the state court. The court adopts this finding of the magistrate judge. The court also adopts the conclusion of the magistrate judge that petitioner is not entitled to equitable tolling of the statute of limitations.

Lastly, petitioner argues that the limitations period should be tolled from September 22, 2004 until November 3, 2004 when the Texas Court of Criminal Appeals notified petitioner that no motions for reconsideration or rehearing would be entertained. As noted by the magistrate judge, petitioner did not file his motion for rehearing until October 25, 2004, nearly three weeks after the deadline for filing his federal writ had expired. The court disagrees that the Fifth Circuit precedent cited by petitioner supports his argument that the filing of a motion for rehearing after the statute of limitations has run will toll the running of limitations. Nothing in the cases suggests that filing a motion after limitations has run will serve to revive an expired claim.

After conducting a review of files and records in this case, including the briefing of the parties, the court finds that the Findings and Recommendation of the magistrate judge are correct and they are adopted as the findings and conclusions of this court.

Signed this 7th day of July 2005.

_____
Jorge A. Solis
United States District Judge

Order - Page 5